Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Daniel Hugo Fruchter
Tyler H.L. Tornabene
Assistant United States Attorneys
Frieda K. Zimmerman
Special Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | Case No.: 1:22-CR-2059-MKD-1 |
|---|---|
| Plaintiff, | United States' Sentencing Memorandum |
| v. | |
| KARLA LETICIA PADILLA-REYNA, a.k.a. KARLA PADILLA, | |
| Defendant. | |

    Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, Tyler H.L. Tornabene and Daniel H. Fruchter, Assistant United States Attorneys, and Frieda Zimmerman, Special Assistant United States Attorney, submits the following Sentencing Memorandum. The United States recommends that this Court sentence Defendant KARLA PADILLA to a low-end guideline sentence of 21 months of imprisonment, three years of supervised release, restitution in the amount of $302,145.40, and one mandatory special penalty assessment of $100.
//

United States' Sentencing Memorandum - 1

I.  Offense Level & Criminal History

The Pre-Sentence Investigation Report ("PSIR") provides for a base offense level of 7, PSIR, ¶¶ 4, 40; U.S.S.G. § 2B1.1(a)(1), with an increase of 12 levels pursuant to § 2B1.1(b)(1)(G), based on an agreed amount of actual and intended loss of more than $250,000, and less than $550,000. PSIR, ¶¶ 4, 41; *see also* PSIR, 18-25; U.S.S.G. § 2B1.1. This results in an adjusted offense level of 19. PSIR, ¶ 45.

Additionally, the parties have agreed that if Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts the plea agreement and enters a plea of guilty, the government will recommend the defendant receive a 3-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b). With Defendant's recognition and an affirmative acceptance of personal responsibility for the criminal conduct, the PSIR provides a total offense level of 16. PSIR, ¶ 49. Additionally, the PSIR provides that Defendant has a criminal history score of 0 and a criminal history category of I. PSIR, ¶¶ 55, 124. The United States agrees with these calculations in the PSIR.

This results in an advisory Guideline sentencing range of 21 – 27 months. The United States recommends a low-end sentence of 21 months incarceration.[1] This is a just sentence for a defendant who, while timely accepting responsibility, stole over a quarter of a million dollars from a government program designed to alleviate financial and economic harm to small businesses during a global pandemic.

---

[1] As stated in the PSIR, Defendant's Guideline range sentence is in Zone D. PSIR ¶ 124.  Accordingly, the Guidelines envision a sentence of incarceration. *See* U.S.S.G. § 5C1.1(f) (if the applicable Guideline range is in Zone D of the Sentencing Table, "the minimum term shall be satisfied by a sentence of imprisonment").

United States' Sentencing Memorandum - 2

II.     Departures

The United States is not seeking a departure or variance from the Advisory Guideline range.

III.    18 U.S.C. § 3553(a)

The United States respectfully submits that a sentence of 21 months incarceration, followed by a 3-year term of supervised release, would be a reasonable sentence under the facts and circumstances of this case and would not be greater than necessary to promote the purpose and policy of the Federal Sentencing Act, 18 U.S.C. § 3553(a).

The applicable sentencing factors under 18 U.S.C. § 3553(a) are: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense, as well as to afford deterrence, protect the public from further crimes of the defendant and provide the defendant training and treatment; (3) the kinds of sentences available; (4) the established Guidelines sentencing ranges; (5) the need to avoid unwarranted sentence disparity between defendants with similar records convicted of similar crimes; and (6) the need to provide restitution to victims of the offense. 18 U.S.C. § 3553(a).

The United States submits that consideration of the Section 3553(a) factors warrants a guideline sentence as the guidelines substantially do reflect the nature and circumstances of the offense and the defendant's background. In this case, the section 3553(a) factors support a sentence of 21 months of incarceration.

With regard to the nature and circumstances of the offense, the charges against the Defendant stem from her submission of various applications for funding under the Paycheck Protection Program ("PPP") and the Economic Injury Disaster

United States' Sentencing Memorandum - 3

Loan (EIDL) program, using materially false and fraudulent information.[2] Defendant first applied for Covid Relief funding on April 2, 2020, when she submitted an EIDL application containing false statements and certifications to the SBA under the name of her purported company, Queen B Collectibles (hereinafter "Queen B"). Defendant subsequently submitted EIDL applications on behalf of Queen B containing false and fraudulent statements and certifications on April 6, 7, and 14, 2020, January 4, 2021, and April 22, 2021.

Additionally, Defendant submitted applications for PPP funding containing false and fraudulent statements and certifications to the SBA in the name of her purported company on August 7, 2020, January 19, 2021, and April 22, 2021. Two of these applications were approved, and in October of 2021, Defendant falsely and fraudulently requested loan forgiveness of the full amount of PPP funds she received on behalf of Queen B by falsely representing that the PPP funding had been used for eligible uses and expenses.

In addition to Defendant's fraudulent applications in the name of Queen B, Defendant also fraudulently applied for and received 2 PPP loans in the name of KPR Insurance, and one EIDL in the name of KPR Crop and Farm Insurance. All told, Defendant received two EIDLs and four PPP loans totaling $290,833, under three different business entities: Queen B Collectibles, KPR Insurance, and KPR Crop and Farm Insurance. PSIR, ¶ 16. Together with the lender fees, the total loss to the United States was $302,145.40.

Thus, the nature and circumstances of the offense in this case indicate a deliberate and ongoing effort to defraud the United States. More specifically, Defendant repeatedly elected to fraudulently exploit a program intended to prevent individuals from being financially ravaged by the impact of a global pandemic. This

---

[2] A more detailed recitation of the underlying factual allegations can be found in the Plea Agreement. ECF No. 26 at 5-10.

United States' Sentencing Memorandum - 4

of course informs the nature and seriousness of the Defendant's offense as well. She did not choose to exploit a private company, which would have been bad enough, nor did she choose to defraud an essential government program only a single time. Instead, Defendant elected to defraud and attempt to defraud essential government programs multiple times over the course of a year and a half. The Defendant's crime required planning, reflection, and a disregard for the well-being of others during a time of international crisis. A sentence of 21 months of imprisonment, followed by a term of supervision of 3 years, would reflect the serious nature of the conduct and be appropriate to deter the Defendant from engaging in future criminal acts. Further, this sentence falls within the established guideline range. Finally, the need to provide restitution in this case is adequately addressed in the plea agreement.

IV. Restitution

Restitution is mandatory for the Defendant's offense conduct. 18 U.S.C. § 3663A(a)(1) and (c)(1)(A)(ii) (the court "shall order" restitution to the victim of any offense "against property under [Title 18] . . . including any offense committed by fraud or deceit"). Mandatory restitution shall be awarded to any victims of the offense conduct, which means "a person directly and proximately harmed as a result of the commission of an offense" or in the case of a conspiracy offense, "any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2). Here, the parties have agreed that Defendant will pay restitution to the SBA in the amount of at least $302,145.40. *See,* ECF No. 26 at 14; PSIR, ¶ 4.

V. Conclusion

The United States recommends that this Court impose a low-end guideline sentence of 21 months incarceration, all mandatory and appropriate conditions of probation under U.S.S.G. § 5B1.3, three years supervised release, $302,145.40 in restitution, and a $100 special penalty assessment.

United States' Sentencing Memorandum - 5

DATED: March 6, 2023

VANESSA R. WALDREF
United States Attorney

*/s/ Frieda K. Zimmerman*
Daniel Hugo Fruchter
Tyler H.L. Tornabene
Brian Donovan
Assistant United States Attorneys
Frieda K. Zimmerman
Special Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Defendant's counsel of record using the CM/ECF system.

*/s/ Frieda K. Zimmerman*
Frieda K. Zimmerman
Special Assistant United States Attorney