FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 15, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>KARLA LETICIA PADILLA-REYNA (1),<br><br>        Defendant. | No. Case 1:22-cr-02059-MKD-1<br><br>ORDER GRANTING DEFENDANT'S MOTION TO CONTINUE SENTENCING<br><br>**ECF No. 37** |

Before the Court is Defendant's Motion to Continue Sentencing, ECF No. 37. Defendant's sentencing hearing is currently set for March 21, 2023. *See* ECF No. 31. Defendant moves the Court to reschedule her sentencing hearing for May 16, 2023. ECF No. 37 at 1.

Defendant advises that she sought to pay a portion of the restitution that will be ordered pursuant to her plea agreement prior to sentencing. ECF No. 37 at 2. Defendant advises the parties had preparing for the March 21 sentencing, and the United States notified her that the United States will be seeking forfeiture of some

ORDER - 1

assets in this matter. ECF No. 37 at 2. The parties have spoken about how this may affect the agreed-upon restitution. ECF No. 27 at 2. Defense Counsel advisees she became aware of a recent opinion handed down by the Ninth Circuit that may affect this particular issue. ECF No. 27 at 2. While the parties have discussed the issue previously, the parties state that additional time is needed to resolve the matter. ECF No. 37 at 2. The United States does not oppose Defendant's motion. The Court has reviewed the motion and the record and finds good cause to grant Defendant's motion.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Karla L. Padilla-Reyna's Motion to Continue Sentencing, **ECF No. 37**, is **GRANTED**.

2. The sentencing hearing set for **March 21, 2023,** is **STRICKEN** and **RESET** to **May 16, 2023, at 3:00 p.m.** in Yakima Courtroom 324.

3. All pending sentencing deadlines are **STRICKEN** and **RESET** as set forth below.

4. Absent truly exigent circumstances, the Court will not consider a request for a continuance of sentencing unless: (1) the request is made by written motion, (2) in accordance with LCivR 7, and (3) the motion and supporting declaration are filed at least seven (7) days before the scheduled sentencing hearing.

ORDER - 2

5. The United States Probation Office shall prepare a Presentence Investigation Report (PSR) pursuant to Fed. R. Crim. P. 32(c).

6. Not later than **April 11, 2023**, the Probation Officer shall disclose the PSR to Defendant, counsel for Defendant, and the United States. Disclosure of the PSR shall be subject to the limitations imposed by Rule 32 of the Federal Rules of Criminal Procedure.

7. Within 14 days of the disclosure of the PSR, counsel shall communicate in writing to the Probation Office (and opposing counsel) any objections they may have as to legal and factual errors or omissions; sentencing classifications; sentencing guideline ranges; and policy statements contained in or omitted from the report. Objections shall be numbered and identify the paragraph(s) to which the objection applies. Objections shall address the PSR in sequential order, beginning with the lowest numbered paragraph. If an objection is filed, the Probation Officer shall conduct such additional investigation as is necessary to assess the merits of the objection.

8. The Probation Officer shall submit the final PSR to the Court by **May 5, 2023**. The PSR shall be accompanied by an addendum setting forth any objections counsel may have made, including those that have not been resolved, together with the officer's comments and recommendations thereon. The Probation Officer shall certify that the contents of the report, other than the sentencing recommendations,

ORDER - 3

including any revisions or addenda, have been disclosed to counsel for Defendant and the United States, and that the addendum fairly states any remaining objections.  Except with respect to any written objection made as required above, the PSR and computations shall be accepted by the Court as accurate.  Upon a timely objection by Defendant, the United States bears the burden of proof on any fact that is necessary to establish the base offense level.  The Court, however, for good cause shown, may allow that a new objection be raised at any time before the imposition of sentence.  In resolving any disputed issues of fact, the Court may consider any reliable information presented by the Probation Officer, Defendant, or the United States.

Nothing in this Order requires the disclosure of any portions of the PSR that are not disclosable under Fed. R. Crim. P. 32.  The PSR shall be deemed to have been disclosed: (1) when a copy of the report is physically delivered; or (2) one day after the report's availability for inspection is orally communicated; or (3) three days after a copy of the report or notice of its availability is mailed to counsel, whichever date is earlier.

9. Not later than **May 1, 2023,** counsel shall file and serve all motions and memoranda pertaining to Defendant's sentence, including departures and variances, and sentencing recommendations.

ORDER - 4

a. Counsel shall utilize the following format when preparing initial sentencing memoranda which are limited to 20 pages (absent prior Court permission to file an overlength brief): I. Offense Level & Criminal History, II. Departures, III. 18 U.S.C. § 3553(a).

b. Under Section I. Offense Level & Criminal History, counsel shall discuss whether the PSR's Total Offense Level calculations (not including departures) and Criminal History calculation are correct or incorrect, providing legal authority for the party's position.

c. Under Section II. Departures, counsel shall discuss whether a downward and/or upward departure is warranted under the Guidelines and provide legal authority for such position.

d. Under Section III. 18 U.S.C. § 3553(a), counsel shall discuss whether the resulting guideline range provides a reasonable sentence sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2), considering the other factors listed in § 3553(a).

e. **<u>FAILURE TO FILE AND SERVE SENTENCING MATERIAL BY THIS DATE, TO INCLUDE MOTIONS OR MEMORANDA FOR UPWARD OR DOWNWARD DEPARTURE, WILL BE DEEMED A WAIVER OF THE RIGHT TO DO SO.</u>**

ORDER - 5

10. Not later than **May 9, 2023**, the opposing party shall file and serve its response limited to no more than seven (7) pages.

11. If Defendant intends to qualify for the safety valve, the parties must schedule a meeting to conduct a safety valve interview to determine if the Defendant has met the requirements of U.S.S.G. § 5C1.2(a)(5) no later than **April 25, 2023.**

12. If either party intends to call witnesses or proffer exhibits at sentencing, witness and exhibit lists must be exchanged by the parties and provided to the Court no later **May 9, 2023.**

13. Sentencings shall be scheduled for a total of 45 minutes. If it is believed that the sentencing hearing will last longer than 45 minutes, counsel shall contact Chambers no later than **May 9, 2023.**

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel, the United States Probation Office, and the United States Marshals Service.

DATED March 15, 2023.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 6