Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Tyler H.L. Tornabene
Daniel H. Fruchter
Brian M. Donovan
Assistant United States Attorneys
Frieda K. Zimmerman
Special Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 16 2023

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KARLA LETICIA PADILLA-REYNA,<br>a.k.a. KARLA PADILLA,<br><br>Defendant. | No. 1:22-CR-2059-MKD-1<br><br>PLEA AGREEMENT ADDENDUM<br>RE: FORFEITURE |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, Tyler H.L. Tornabene, Daniel H. Fruchter, and Brian M. Donovan, Assistant United States Attorneys for the Eastern District of Washington, Frieda K. Zimmerman, Special Assistant United States Attorney for the Eastern District of Washington, and Defendant KARLA LETICIA PADILLA-REYNA ("Defendant"), individually and by and through Defendant's counsel, Robin C. Emmans and Ulvar W. Klein, agree

PLEA AGREEMENT ADDENDUM RE FORFEITURE – 1

to the following Addendum to the Plea Agreement, which is intended to supplement the agreements reached therein.

A. <u>Forfeiture of Net Proceeds of Real Property Sale</u>

Defendant, KARLA LETICIA PADILLA-REYNA, agrees to voluntarily forfeit any and all right, title and interest in the following listed asset an in favor of the United States:

- Any and all net proceeds[1] from the sale of real property located at 407 E Q street Yakima, 98901, owned by Defendant KARLA LETICIA PADILLA-REYNA and her son Sergio Reyna (hereinafter "Subject Proceeds").

Defendant agrees to provide reasonable notice to the United States of the sale of the property. Defendant agrees to remit, herself or by and through her agents, the Subject Proceeds to the United States Marshals Service in a manner directed by the United States upon closing of the sale of the aforementioned real property.

Defendant acknowledges, stipulates and agrees that the Subject Proceeds covered by this Addendum is directly forfeitable property and subject to forfeiture to the United States as property which constitutes or is derived from proceeds traceable to offenses in violation of 18 U.S.C. §§ 1343, Wire Fraud, and are therefore

---

[1] "Net proceeds" means all funds from the sale of the property, less any costs for outstanding property taxes, closing costs, real estate transaction costs such as brokerage fees, and payment of any valid outstanding encumbrances.

PLEA AGREEMENT ADDENDUM RE FORFEITURE – 2

forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) by way of 18 U.S.C. § 1956(c)(7)(A) and 18 U.S.C. § 1961(1) and 28 U.S.C. § 2461(c).

Defendant stipulates and agrees to the entry of any necessary preliminary and final orders of forfeiture in this criminal matter, or any other proceeding, forfeiting the Subject Proceeds to the United States. The Defendant expressly waives further notice of any forfeiture proceedings or filings necessary to effectuate the forfeiture of the Subject Proceeds. Defendant stipulates and agrees to testify truthfully in any forfeiture proceeding, including the above referenced civil forfeiture action. Defendant stipulates and agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture. Defendant stipulates and agrees to comply with all requests made by the United States that are made in order to pass clear title of the Subject Proceeds to the United States.

B. <u>United States' Reservation of Right to Seek Forfeiture of Real Property</u>

In the event the Defendant fails to complete the sale of the real property and remit the net proceeds as provided in Paragraph A, the United States reserves the right to initiate forfeiture proceedings against the real property located at 407 E Q street Yakima, 98901, owned by Defendant KARLA LETICIA PADILLA-REYNA and her son Sergio Reyna. If the United States seeks forfeiture of the real property under this paragraph, Defendant stipulates and agrees to the entry of an order of forfeiture in a civil forfeiture proceeding forfeiting the real property to the United

PLEA AGREEMENT ADDENDUM RE FORFEITURE – 3

States. Defendant stipulates and agrees that the real property is forfeitable to the United States as property which constitutes or is derived from proceeds traceable to offenses in violation of 18 U.S.C. §§ 1343, Wire Fraud, and are therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) by way of 18 U.S.C. § 1956(c)(7)(A) and 18 U.S.C. § 1961(1) and 28 U.S.C. § 2461(c).

In the event it is necessary, Defendant expressly waives notice of the civil forfeiture proceedings against the real property and waives her right to file a claim pursuant to Fed. Suppl. Rule G. Defendant stipulates and agrees to testify truthfully in any forfeiture proceeding, including any civil forfeiture action. Defendant stipulates and agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture. Defendant stipulates and agrees to comply with all requests made by the United States that are made in order to pass clear title of the real property to the United States.

C. <u>Application of Forfeited Property to Restitution</u>

Defendant understands the United States will seek restitution for Small Business Administration in this case independent of the forfeiture of the Subject Proceeds. It is the parties' mutual understanding that the United States Attorney's Office promises to diligently seek approval to apply the proceeds of any forfeited assets to Defendant's restitution obligations through the Department of Justice's restoration process. Defendant recognizes, however, the final decision to approve

PLEA AGREEMENT ADDENDUM RE FORFEITURE – 4

the restoration application rests with the Attorney General. *See* 18 U.S.C. § 981(d), (e); *see also* 28 C.F.R. 9 *et. seq.*

The parties further agree that the Defendant shall pay restitution in the amount of $150,000.00 to the Clerk of Court at sentencing. Collection of the remaining restitution balance shall be stayed by the United States, except any Bureau of Prisons Inmate Financial Responsibility Program payments, until a final restoration decision is made by the Attorney General.

D. <u>Defendant's Waivers</u>

Defendant stipulates and agrees to waive all constitutional, statutory, and/or procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with the Plea Agreement on any grounds, including a claim that forfeiture in this case constitutes an excessive fine or punishment.

Defendant stipulates and agrees to hold the United States, and its agents and employees, harmless from any and all claims whatsoever in connection with the investigation, the prosecution of charges, and the seizure and forfeiture of property covered by this Plea Agreement. Defendant consents to the disposal of assets without further notice.

E. <u>Non-Abatement of Criminal Forfeiture</u>

PLEA AGREEMENT ADDENDUM RE FORFEITURE – 5

Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive her, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture is fully effectuated and the assets dissipated.

F. United States' Agreement

The United States Attorney's Office for the Eastern District of Washington agrees that upon completion of the forfeiture contemplated by this Addendum that it will not seek to forfeiture of any other assets, real or personal, in relation to any of the conduct charged in the Indictment or based on information in its possession at the time of this Addendum that relates to conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Addendum.

\\\

\\\

\\\

\\\

\\\

PLEA AGREEMENT ADDENDUM RE FORFEITURE – 6

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

*[signature]*                                                    5/15/23
_____                            _____
Tyler H.L. Tornabene                                              Date
Daniel H. Fruchter
Brian M. Donovan
Assistant U.S. Attorneys
Frieda K. Zimmerman
Special Assistant United States Attorney

PLEA AGREEMENT ADDENDUM RE FORFEITURE – 7

I have read this Plea Agreement Addendum and have carefully reviewed and discussed every part of the agreements with my attorney. I understand and voluntarily enter into the Plea Agreement Addendum. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promise or inducements have been made to me, other than those contained in this Plea Agreement Addendum and no one has threatened or forced me in any way to enter into this Plea Agreement Addendum.

_____    5/14/2023
Karla Leticia Padilla-Reyna         Date
Defendant

I have read the Plea Agreement Addendum and have discussed the contents of the agreement with my client. The Plea Agreement Addendum accurately and completely sets forth the entirety of the agreement between the parties.

_____    5/16/2023
Robin C. Emmans                    Date
Ulvar W. Klein
Attorneys for Defendant

PLEA AGREEMENT ADDENDUM RE FORFEITURE – 8